UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WILHELM,<br><br>    Petitioner,<br><br>    v.<br><br>MULE CREEK STATE PRISON,<br><br>    Respondent. | No. 2:24-cv-01226 DB P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, an inmate at Mule Creek State Prison, proceeds without counsel and seeks a writ of mandate. (ECF No. 1.) Petitioner also seeks to proceed in forma pauperis ("IFP"). (ECF No. 5.) However, the information before the court indicates petitioner was able to pay the court costs and was not entitled to IFP status when petitioner initiated this action. (See ECF No. 5 at 4.) In addition, as set forth below, this action is clearly without merit. Accordingly, petitioner's application to proceed IFP should be denied. See Tripati v. First Nat'l Bank & Tr., 821 F.2d 1368, 1370 (9th Cir. 1987) ("A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit."). The petition for writ of mandate should be dismissed without leave to amend for lack of subject matter jurisdiction and failure to state a claim.

////

## I. Petitioner's Allegations

Petitioner alleges the Inmate Trust Office at Mule Creek State Prison incorrectly deducted multiple payments from petitioner's inmate trust account on a "per case" basis. (ECF No. 1 at 2-3.) Petitioner seeks a credit to his trust account. (Id. at 3.)

## II. Applicable Legal Standards

Title 28 U.S.C. § 1361 confers upon the district courts original jurisdiction of any action in the nature of mandamus "to compel an officer or employee of the United States or any agency thereof" to perform a duty owed to the petitioner. 28 U.S.C. § 1361. Although 28 U.S.C. § 1651 states that all courts established by Act of Congress "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law," the federal courts lack subject matter jurisdiction to issue a writ of mandamus to a state agency or official. See Demos v. United States District Court for the E. Dist. of Wash., 925 F.2d 1160, 1161-62 (9th Cir. 1991) ("to the extent [the petitioner] attempts to obtain a writ in this court to compel a state court to take or refrain from some action, the petitions are frivolous as a matter of law"); Benson v. State Bd. of Parole & Prob., 384 F.2d 238, 239 (9th Cir. 1967) (noting the All Writs Act does not confer jurisdiction and may be invoked by the district court only in aid of jurisdiction which it already has).

## III. Discussion

At the outset, the petition fails to plausibly allege the inmate trust account was improperly charged on a "per-case" basis. See Bruce v. Samuels, 577 U.S. 82, 85 (2016) ("monthly installment payments [under the PLRA], like the initial partial payment, are to be assessed on a per-case basis"). Moreover, the court lacks subject matter jurisdiction to issue a writ of mandate compelling state officials to take the requested action.

This court has a duty to determine its own subject matter jurisdiction, which may be raised on the court's own motion at any time. Fed. R. Civ. P. 12(h)(3); CSIBI v. Fustos, 670 F.2d 134, 136 n. 3 (9th Cir. 1982) (citing City of Kenosha v. Bruno, 412 U.S. 507, 511-512 (1973)). A "request for a writ of mandamus does not itself create federal subject matter jurisdiction." Robb v. California Air Res. Bd., No. 2:23-CV-1013-DJC-DB-PS, 2023 WL 7092105, at *2 (E.D. Cal.

Oct. 26, 2023) (citing Mance v. U.S., No. CV-07-949-PHX DGC, 2007 WL 1546094, at *1 (D. Ariz. May 24, 2007)). Jurisdiction must always be affirmatively alleged. Fed. R. Civ. P. 8(a)(1). A court will not infer allegations supporting federal jurisdiction and is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears. Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989).

The present petition for a writ of mandate does not allege facts that state a federal claim for relief and fails to establish the court's jurisdiction. The court lacks subject matter jurisdiction to issue the requested writ of mandate. See Demos, 925 F.2d at 1161-62. The petition should be dismissed for lack of subject matter jurisdiction and failure to state a claim. Since the defects cannot be remedied by amendment, the dismissal should be without leave to amend. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

**IV. Conclusion and Recommendation**

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court shall assign a district judge to this case.

In addition, IT IS HEREBY RECOMMENDED as follows:

1. The motion to proceed in forma pauperis (ECF No. 5) be denied.

2. The petition for writ of mandate be dismissed without leave to amend for lack of subject matter jurisdiction and for failure to state a claim.

3. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 21 days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties.

////

////

////

Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 16, 2024

DLB7: wilh1226.scrn.fr

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE